ROWAN'S EX'OR.
*vs.*
POPE'S ADM'R.

CHANCERY.

## Rowan's ex'or *vs.* Pope's adm'r.

Case 22.

ERROR TO LOUISVILLE CHANCERY COURT.

1. On the dismissal of an appeal for failing to file the record in the clerk's office of the court of appeals, damages will not be awarded, unless the appellants themselves be the debtors, as in a case where there is a contest for a fund or a decree to subject property claimed by appellants who are not the real debtors, and which appellee has a decree to subject to his debt. (*Wood v. Rowan*, 5 *B. Monroe*, 145.)

Judge MARSHALL delivered the opinion of the court, June term, 1849.

On the dismissal of an appeal for failing to file the record in the clerk's office of the court of appeals, damages will not be awarded unless the appellants themselves be the debtors, as in a case where

The motion for ten per cent. damages on the dismissal of the appeals, for failure to file the record in time, is overruled, on the ground that the appellants were not themselves debtors to the appellees, and there was no personal decree against them for money; but the decree subjects to the debts due to the appellees from Lytle, property which the appellants claim as theirs, and as not being subject to said debts. This case seems to be in principle precisely the same as that of *Wood v. Roman*, briefly stated in 5 *B. Monroe*,

145, in which it was held that damages should not be given on affirmance. The case of *Woolson and Cutter v. Brigham*, 6 *B. Monroe*, 274, in which damages were given on affirmance, differs from the present in this, that Woolson and Cutter were the real debtors, and there was an absolute decree rendered against them for the debts with a monition, that if not paid by a designated day, the court would proceed to coerce satisfaction against the sureties in the bond, by which the attached effects were replevied. In the case of *Worth, &c. v. Smith*, 5 *B. Monroe*, 594, no question is or could be made as to the propriety of decreeing damages. And, although, it is recited that damages had been given on the affirmance, this was, as is presumed, the act of the clerk, which might, or might not have been sanctioned by the court. That case, therefore, proves nothing. Nor do we conceive the analogy to be complete between that case and this. But whatever apparent inconsistency there may have been in the practice on this point, we know of no case in which, when the question was brought directly before the court, it has sanctioned the allowance of damages against a mere claimant of the property which has been decreed to one or the other party.

We therefore overrule the motion.

there is a contest for a fund, or a decree to subject property claimed by appellants who are not the real debtors, and which appellee has a decree to subject to his debt. (*Wood v. Roman*, 5 *B. Monroe*, 145.)